| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Robertson, Anschutz, Schneid, Crane & Partners, PLLC<br>130 Clinton Road, Lobby B, Suite 202<br>Fairfield, NJ 07004<br>Telephone: 973-575-0707<br>Facsimile: 973-404-8886<br>Attorneys for Secured Creditor<br><br>Cory F. Woerner, Esq. (296702019) | Order Filed on October 8, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>**Christian M Ruppenthal,**<br><br>     **Debtor.** | Case No.:  23-17709-MEH<br><br>Chapter:  13<br><br>Hearing Date:  September 10, 2025<br><br>Judge:  Mark Edward Hall |

# ORDER RESOLVING SECURED CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

     The relief set forth on the following pages, numbered two (2) through three (3), is hereby ORDERED.

**DATED: October 8, 2025**

Honorable Mark E. Hall
United States Bankruptcy Judge

Page 2

THIS MATTER having come before the Court on the Creditor's Motion for Relief from the Automatic Stay of Select Portfolio Servicing, Inc. ("Secured Creditor") by and through its counsel, Robertson, Anschutz, Schneid, Crane & Partners, PLLC, as to the real property commonly known as 739 Henderson Road, Lumberton, NJ 08048 (the "Subject Property"), and Brad J. Sadek, Esquire representing Christian M Ruppenthal ("Debtor(s)"), and for good cause it is ORDERED that Secured Creditor's Motion for Relief from the Automatic Stay is resolved, subject to the following conditions:

1. Status of post-petition arrearages:
   - The Debtor is overdue for 03 months from July 1, 2025 through September 1, 2025.
   - The Debtor is overdue for 03 payments from July 1, 2025 through September 1, 2025 at $3,228.45 per month.

   Funds Held In Suspense ($965.09).

   Total Arrearages Due $8,720.26.

2. Debtor must cure all post-petition arrearages, as follows:

   - Beginning on October 1, 2025, regular monthly mortgage payments shall continue to be made in the amount of $3,228.45 pursuant to periodic adjustments and any Notice of Payment Change(s) filed on the docket.

   - The amount of $8,720.26 shall be capitalized in the Debtor's Chapter 13 plan and paid to Secured Creditor by the Chapter 13 Trustee in addition to the amount set forth on Secured Creditor's timely filed Proof of Claim. Debtor must file an Amended Plan, and Schedules I and J within fifteen (15) days of the entry of this Order. The Debtor's monthly payment to the Chapter 13 Trustee will be modified to an amount necessary to appropriately fund the plan in accordance with this order.

3. Payments to the Secured Creditor shall be made to the following address(es):

   - Regular monthly payment:  Select Portfolio Servicing, Inc.
     Attn: Remittance Processing
     P.O. Box 65450
     Salt Lake City, UT 84165-0450

4. Secured Creditor shall retain its first mortgage lien on the Property and none of its rights are being modified.

5. In the event of Default:

■ Should the Debtor(s) fail to make any of the above captioned payments, or if any regular monthly mortgage payment or Trustee payments should become more than thirty (30) days late or if Debtor(s) fails to comply with any terms of this Order, counsel shall file a Certification of Default with the Court. A copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtors, and Debtors' attorney and the court shall enter an Order granting relief from the Automatic Stay. Debtor shall pay $200.00 for each notice of default issued by Secured Creditor as a result of the Debtor's failure to comply with this Order.

■ In the event the Debtor(s) convert(s) to a Chapter 7 during the pendency of this bankruptcy case, the Debtor(s) shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, Chapter 7 Trustee, the Debtors, and Debtors' attorney and the court shall enter an Order granting relief from the Automatic Stay. Debtor shall pay $200.00 for each notice of default issued by Secured Creditor as a result of the Debtor's failure to comply with this Order.

■ This order survives any loan modification agreed to and executed during the instant bankruptcy. If any regular mortgage payment due after the execution of a loan modification is more than thirty (30) days late, counsel shall file a Certification of Default with the Court a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtors, and Debtors' attorney and the court shall enter an Order granting relief from the Automatic Stay. Debtor shall pay $200.00 for each notice of default issued by Secured Creditor as a result of the Debtor's failure to comply with this Order.

6. Award of Attorneys' Fees:

■ The Applicant is awarded attorney fees of $0.00 and costs of $0.00.